PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
1/04/99
THOMAS K. KAHN
CLERK

No. 97-8452

D.C. Docket No. 5:94-CV-267

DAVID L. NAGEL,

Petitioner-Appellant,

versus

DOUGLAS OSBORNE, Acting Superintendent of Central
State Hospital; JAMES W. MIMBS, M.D., Chief Medical
Officer and Clinical Director of Central State Hospital,

Respondents-Appellees.

Appeal from the United States District Court for the
Middle District of Georgia

**(January 4, 1999)**

Before HATCHETT, Chief Judge, and RONEY and CLARK, Senior Circuit Judges.

PER CURIAM:

David Nagel appeals the district court's denial of his habeas corpus

petition. Nagel has been in a state institution since he was found not guilty by reason

of insanity of the murders of his grandparents in 1981 and subsequently civilly committed. After approximately ten years of confinement, Nagel filed an application for release in a state superior court. The superior court held a hearing at which two doctors, a psychiatrist and a psychologist, testified that Nagel did not meet the criteria for civil commitment because he was neither mentally ill nor imminently dangerous. The doctors also testified on cross-examination that they believed that Nagel had probably not ever been mentally ill, and that his acquittal was in error. No other evidence regarding Nagel's mental status was presented. The superior court subsequently denied Nagel's petition for release based wholly on the presumption of continuing insanity.

Nagel appealed to the Georgia Supreme Court, which found that the superior court had failed to weigh the evidence against the presumption of insanity, and remanded the case for specific findings of fact and conclusions of law. The superior court again denied Nagel's release, finding that although the doctors' testimony was "weighty," it did not balance "against the seriousness of the petitioner's acts, his history of violence, and the likelihood that his current stabilized condition will persist and that he will not return to his previous unstable and depraved state of mind." The judge further found that there was insufficient evidence to show that

Nagel's stabilized condition would persist outside of a structured environment or "was persistent enough to conclude that he [wa]s no longer insane."

The Georgia Supreme Court affirmed the superior court.[1] The state supreme court found that the superior court could have found that the medical experts' testimony was not credible, and therefore was entitled to no weight, due to their opinion that Nagel had never really been insane.

Nagel then filed this habeas corpus petition in federal district court, alleging that the experts' testimony rebutted the presumption of continuing insanity and that the state court's denial of his application for release amounted to an irrebuttable presumption. The district court denied the petition, finding that "[t]he state court had good reason to question the medical testimony presented by Petitioner." The district court further found that "when weighed against the presumption of continuing insanity and other factors suggesting that Plaintiff [sic] had not recovered from his insanity, Petitioner's evidence could reasonably be found to have come short of establishing that Petitioner is now sane."

We have previously held that Georgia's presumption of continuing insanity is lawful, and that Georgia may lawfully require the insanity acquittee to bear

---

[1] Nagel v. State, 264 Ga. 150 (1994).

the burden of proof of sanity at the release hearing.[2]  Here, Nagel did not meet his burden of proving his sanity.  The condition that Nagel had at the time of his trial was a condition that was factually, legally, and pragmatically a mental illness and insanity sufficient to afford him a defense to murder.  Georgia law presumes that condition remains the same unless the acquittee proves that it has changed.  In testifying that Nagel is not now mentally ill and was never mentally ill, the experts testified that his condition remains unchanged.  Therefore, Nagel has failed to carry his burden of showing that his condition has changed.  We AFFIRM the district court's denial of his habeas corpus petition.

CLARK, Senior Circuit Judge, dissenting:

I respectfully dissent.  The majority opinion has changed Georgia law governing the release of insanity acquittees by requiring acquittees to show that their condition has changed.  Nagel met his burden of proof, but  the majority's application

---

[2]  Benham v. Ledbetter, 785 F.2d 1480, 1491-92 (11th Cir. 1986).

of the law has left him with an irrebuttable presumption. I agree with the dissent from the Georgia Supreme Court's opinion which noted that this release application creates much anxiety and apprehension, but this court, like the Georgia Supreme Court, is required to apply the law. Perhaps Nagel should not be released into society, but in upholding the application of the law to the facts of this case, it is impossible to affirm the denial of his habeas corpus petition.

I see no relevance of what the experts thought of petitioner's sanity at the time of his trial to his application for release. The Georgia statute states that an insanity acquittee can be released only if he does not meet the criteria for civil commitment.[1] The criteria for civil commitment states that a person must be mentally ill, in need of inpatient treatment, and either present a "substantial risk of imminent harm to that person or others, as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical injury to that person or other persons," or is so unable to care for their own physical health and safety such that an imminent life-endangering crisis exists.[2] These are the only factors to be considered in deciding an acquittee's application for release. Any suppositions that experts make about the accuracy of a jury's verdict or the applicant's mental condition ten years

---

[1] O.C.G.A. § 17-7-131(f).

[2] Id. § 37-3-1(9.1).

earlier are simply not relevant. Requiring an acquittee to show that his condition has changed imposes a new condition that is not found in the statute.

It is noteworthy that the superior court found that the experts' testimony was uncontradicted and weighty. The state trial court certainly could have questioned the credibility of the experts based on their idea that Nagel was never insane and rejected their testimony; trial courts are free to reject the credibility of a witness, and in such circumstances, this court gives deference to such findings.[3] Both the Georgia Supreme Court and the district court noted that the superior court **could** have given no weight to the experts' testimony, but that is not what actually happened. The state trial court did not discredit the experts' testimony. Therefore, the experts' testimony *must* be weighed against the presumption of continuing insanity.

The superior court weighed the experts' testimony against several factors: petitioner's pre-offense history of violence, the offense behavior, and the possibility of decompensation without a structured environment. Georgia law does not provide for the consideration of these factors; it calls for an examination of the acquittee's present mental status and possible dangerousness. Two of these factors, moreover, present serious problems in that they constitute an irrebuttable presumption, as Nagel's pre-offense history of violence and the offense conduct are immutable. This court has

---

[3] See Benham, 785 F.2d at 1490-91.

6

stated that due process would not be consistent with a presumption that cannot be rebutted by any amount of uncontradicted evidence.[4] If no amount of evidence that an insanity acquittee offered at a release hearing could rebut the presumption of insanity, "the processes of proof in the due process hearing would be an empty ritual."[5] The evidence presented at the hearing included the record and the testimony of two doctors who knew him personally; no other evidence was presented. If we say that the experts' testimony did not overcome the presumption of insanity, I do not see what evidence would overcome the presumption.

The Supreme Court case Foucha v. Louisiana[6] is directly applicable here. In Foucha, the Court stated that it is unconstitutional to confine a person who has a personality disorder but no mental illness, regardless of whether the person presents a danger to society.[7] Like the acquittee in Foucha, Nagel presented evidence that he did not currently suffer from a mental illness, and any assessment of his dangerousness alone does not provide a constitutional basis for confinement.

In its attempt to distinguish Foucha, the state tries to claim it presented evidence of Nagel's continuing mental illness. The state relies on information taken

---

[4] Id. at 1491.

[5] Id.

[6] 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992).

[7] Id.

from medical reports made before petitioner committed his crimes. There is no evidence in the state trial court's order that the court relied on these diagnoses or found that petitioner had a continuing mental illness. One doctor testifying at Nagel's release hearing diagnosed him with a personality disorder, and both doctors testified that he exhibited no symptoms of a present mental illness. The experts testified that Nagel was not mentally ill nor in need of inpatient treatment. On that basis, Nagel's condition failed to meet the criteria for civil commitment. For these reasons, the majority is in error in affirming the district court.